UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 13-20239

Honorable John Corbett O'Meara

v.

IBRAHIM AOUN,

        Defendant.
                                            /

## ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE EVIDENCE

This matter came before the court on defendant Ibrahim Aoun's November 14, 2013 *motion in limine* to exclude evidence pursuant to Rules 403 and 404(b) of the Federal Rules of Evidence. The government filed a response December 2, 2013. No reply was filed, and no oral argument was heard.

Defendant Aoun has been charged with two violations of each of the following: Distribution of a Controlled Substance, 21 U.S.C. § 841(a)(1); Maintaining a Place for the Purpose of Distributing Controlled Substances, 21 U.S.C. § 856(a)(1); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)(A); and Possession of a Firearm by a Felon, 18 U.S.C. § 922(g).

The government has provided defendant Aoun with notice of its intention to introduce evidence of three prior arrests that occurred in 2012. In this motion Aoun seeks to exclude the evidence, claiming it is "substantially more prejudicial than probative because it creates an impermissible propensity inference." Def's mot. at 1.

## LAW AND ANALYSIS

In determining the admissibility of other acts evidence under Rule 404(b), the court considers three factors: 1) whether there is sufficient evidence that the act(s) occurred; 2) whether the other act(s) is admissible for one of the proper purposes under the rule; and 3) whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. United States v. Hardy, 643 F.3d 143, 150 (6th Cir. 2011).

In this case the government asserts that police officer testimony will positively identify the defendant as the person arrested and/or detained with other evidence of controlled substance possession and delivery. In addition, the government intends to offer evidence of prior acts to show specific intent, an element of the offenses with which the defendant is charged. Finally, the probative value of this evidence regarding the defendant's intent is very high. Any danger of unfair prejudice can be mitigated with a jury instruction focusing the jury on the valid use of the evidence to assess the defendant's intent and plan. Therefore, the court will instruct the government to craft and submit such an instruction.

## ORDER

It is hereby **ORDERED** that defendant Aoun's November 14, 2013 motion to exclude evidence is **DENIED.**

                                                         s/John Corbett O'Meara
                                                         United States District Judge

Date: February 19, 2014

    I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, February 19, 2014, using the ECF system.

                                                s/William Barkholz
                                                Case Manager