UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                      Case No. 13-20239

              Plaintiff,                      Hon. John Corbett O'Meara

v.

IBRAHIM AOUN,

              Defendant.

_____/

## OPINION AND ORDER DENYING
## DEFENDANT AOUN'S MARCH 19, 2014 MOTION FOR ACQUITTAL
## AND MOTION FOR NEW TRIAL

      This matter came before the court on defendant Ibrahim Aoun's March 19,
2014 motion for acquittal under Fed. R. Crim. P. 29(c) and for new trial under Fed.
R. Crim. P. 33(a).   The government filed its reply brief April 9, 2014; and
Defendant filed a reply brief April 14, 2014.   For the reasons stated below, the
court will deny Defendant's motions.

## I. BACKGROUND

      On January 25, 2013, and March 15, 2013, officers conducted two raids in
the City of Detroit at 6135 Stahelin and 6352 Auburn Street.   With regard to the
events at the 6135 Stahlin address on January 25, 2013, officers had obtained a
search warrant.   While executing that warrant, officers went to the home where

Defendant was found.  In an effort to get away, Defendant exited the living room of the home carrying a green bag, which was later found to contain a .38 caliber handgun and pills.   Officers later seized a .9 mm handgun and $600 from Defendant's person and recovered Defendant's pit bull from the basement.

With regard to the events that took place at 6352 Auburn on March 15, 2013, officers had an arrest warrant for the defendant.   An informant notified officers of the defendant's location.  With the address under surveillance, officers witnessed 68 cars come and go from the address within a two-and-one-half-hour period.  In the early morning hours of March 15, 2013, officers executed the arrest warrant.   In doing so, officers found Defendant and seven others at the address. Defendant was in the upstairs portion of the home, as presented by testimony, throwing a plastic bag out of the window onto a nearby roof.  The bag, discovered later, contained packaged marijuana.

In addition, officers found the co-defendant exiting a window with a bag containing four handguns.  Three of the handguns were loaded.  While executing a clean sweep of the home and surrounding property, officers found a loaded shotgun in the back yard, marijuana, prescription pills, a digital scale, and $1500, of which $900 was pulled from a bedroom wall.

As a result of the officers' raids and the government's presentation of evidence, a jury convicted Defendant on eight counts on March 6, 2014.  The jury

found Defendant guilty of the following counts related to the January raid: (1) Possession with Intent to Distribute Controlled Substances; (2) Maintaining a Place for Purposes of Distributing Controlled Substances; (3) Felon in Possession of a Firearm; and (4) Possession of a Firearm in Furtherance of Drug Trafficking.

In addition, from the March raid, the jury found Defendant guilty of four more counts: (5) Conspiracy to Possess with Intent to Distribute Controlled Substances; (6) Maintaining a Place for Purposes of Distributing Controlled Substances; (7) Felon in Possession of a Firearm; and (8) Possession of a Firearm in Furtherance of Drug Trafficking.

At trial and at the close of the government's case-in-chief, Defendant motioned for acquittal on all counts, alleging the government failed to reach its evidentiary burden. At that time, the court denied Defendant's motion. In the current motion, Defendant seeks acquittal on Counts Two, Four, Six, and Eight or, in the alternative, an order for a new trial.

## II. LAW AND ANALYSIS

### A. Motion for Acquittal

Under Rule 29(c), a defendant can move for judgment of acquittal after jury verdict, and "the court may set aside the verdict and enter acquittal." Fed. R. Crim. P. 29(c). "A Rule 29 motion for judgment of acquittal is a challenge to the sufficiency of the evidence." United States. v. Hudson, 408 F.Supp. 2d 396, 398

(E.D. Mich. 2005), <u>citing</u> <u>United States v. Jones</u>, 102 F.3d 804, 807 (6th Cir. 1996). "Evidence is sufficient to support a criminal conviction if, after viewing the evidence in light most favorable to the government, any rational trier of fact could have found the elements of the crime to beyond a reasonable doubt." <u>Hudson</u>, 408 F.Supp. 2d at 398, <u>citing</u> <u>United States v. Beddow</u>, 957 F.2d 1330, 1334 (6th Cir. 1992); <u>see also</u> <u>Jackson v. Virginia</u>, 443 U.S. 307, 318-19 (1979).

"A defendant claiming insufficiency of the evidence bears a very heavy burden." <u>United States v. Graham</u>, 622 F.3d 445, 448 (6th Cir. 2010), <u>citing</u> <u>United States v. Abboud</u>, 438 F.3d 554, 589 (6th Cir. 2006), <u>cert. denied</u>, 549 U.S. 976 (2006). "The court must consider the record as a whole, including direct and circumstantial evidence." <u>Hudson</u>, 408 F.Supp. 2d at 398, <u>citing</u> <u>United States v. King</u>, 169 F.3d 1035, 1039 (6th Cir. 1999).

"The prosecution, however, must present substantial evidence as to each element of the offense from which a jury could find the accused guilty beyond a reasonable doubt." <u>United States v. Schneider</u>, 959 F.Supp. 2d 1036, 1040 (E.D. Mich. 2013), <u>citing</u> <u>Brown v. Davis</u>, 752 F.2d 1142, 1145 (6th Cir. 1985). "Substantial evidence is more than a scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion. It is evidence affording a substantial basis of fact from which the fact in issue can be reasonable inferred."

Schneider, 959 F.Supp. 2d at 1040, citing United States v. Martin, 375 F.2d 956, 957 (6th Cir. 1967).

### 1. 21 U.S.C. § 856(a)(1) and Counts Two and Six

Defendant was convicted under 21 U.S.C. § 856(a)(1), Maintaining a Place for Purposes of Distributing Controlled Substances, Counts Two and Six.  To these counts, Defendant alleges that the government did not meet the evidentiary burden and urges the court to acquit.  Defendant alleges that the government did not conclusively prove the "maintain" requirement and that the jury was able to consider a more encapsulating definition of the term.

Section 856(a)(1) provides "it shall be unlawful to-- (1) knowingly open, lease, rent, use, or *maintain* any place, whether permanently or temporarily, for the purpose of manufacture, distribute, or using any controlled substance. . . [.]"  § 856(a)(1) (emphasis added).  As interpreted by the courts, the government must prove beyond a reasonable doubt that Defendant (1) knowingly; (2) *maintained the property* for drug-related purposes, whether permanent or temporary; and (3) for the purpose of distributing a controlled substance.  United States v. Johnson, 737 F.3d 444, 447 (2013); United States v. Russell, 595 F.3d 633, 644 (2010).

"To satisfy the 'maintaining' element of the statute, it is not necessary that the defendant lease or own the home."  Russell, 595 F.3d at 644, citing United States v. Acosta, 534 F.3d 574, 591-92 (7th Cir. 2008).  "Acts that evidence

'maintenance' are 'such matters as control, duration, acquisition of the site, supervising, protecting, supplying food to those at the site, and continuity….'" <u>Russell</u>, 595 F.3d at 644; <u>citing</u> <u>United States v. Clavis</u>, 956 F.2d 1079, 1091 (11th Cir. 1992).

One of the side issues in <u>Russell</u> on appeal was whether the appellant maintained the premises within the meaning of § 856(a).  <u>Russell</u>, 595 F.3d at 644. In that case, a jury convicted the appellant of maintaining a drug-involved premises within the meaning of § 856(a).  The appellant did not own the home; rather, the appellant's friend held the lease to the home for the benefit of the appellant.  In addition to drugs stashed in several rooms in the home, there were substantial amounts of money stashed about the home and in the appellant's car just outside the home.

The Sixth Circuit Court of Appeals held that the appellant maintained the premises, and there was sufficient evidence to support this conclusion.  <u>Id</u>. at 645. In reaching that conclusion through direct evidence, the court took into consideration that the appellant had a car registered and parked at the home.  When the home was searched, the appellant was found at the home.  "Drugs and products used to use, package, and sell drugs were found in nearly every room, suggesting the home was maintained for drug-related purposes."  <u>Id</u>.  As circumstantial evidence supporting the court's conclusion, the appellant had his car parked in

such a way that was easily accessible to reach the guns located in the trunk of the car. Appellant also carried the key in his shoe that gave ready access to defend the home should the need arise. Evidence that appellant sought to protect the home is enough to support that appellant "maintained" the home. Id., citing Clavis, 956 F.2d at 1091. Conclusively, "[t]he evidence is sufficient to allow a rational trier of fact to convict . . . [appellant] on the charge of maintaining . . . for drug-related purposes. . . ." Russell, 595 F.3d at 645.

In reviewing Count Two, there is direct evidence that supports the Defendant's conviction relating to the 6135 Stahelin address. Similar to the Russell court's analysis, Defendant was found and arrested at the address. Defendant had $600 on his person and, while running from police, carried a green bag containing a .38 caliber handgun and several pills. Moreover, in the downstairs bedroom, officers discovered plastic vials, a digital scale, and a .9 mm handgun. Additionally, Defendant's pit bull was living in the basement. As the Russell court found and as this court finds, there is more than enough evidence for a rational trier of fact to find beyond a reasonable doubt that Defendant maintained a drug-related premises on Count Two.

As to Count Six and the 6352 Auburn Street address, this property was also maintained for drug-related purposes. During the officers' surveillance and within two and one half hours, 68 cars pulled up to the home and left in a short time. Just

7

before Defendant was arrested, he was caught throwing a bag containing marijuana in plastic vials onto the roof of a nearby house. During the officers' protective sweep of the home, they discovered a shotgun in the backyard, $900 in the wall of the bedroom where Defendant was arrested, a digital scale, prescription pills, and more marijuana. In light of this evidence, a rational trier of fact could reasonably conclude that the home was maintained for drug-related purposes, and at the very minimum could have reached the conclusion that Defendant aided and abetted in maintaining the premises for drug-related purposes.

On Counts Two and Six, the court finds that the government met its evidentiary burden; and that a rational trier of fact could find and did find Defendant guilty beyond a reasonable doubt of maintaining drug-related premises.

### 2. 18 U.S.C. § 924(c) and Counts Four and Eight

Defendant's brief argues that there was insufficient evidence to support the fact-finder's conclusion on Counts Four and Eight. Counts Four and Eight are Possession of a Firearm in Furtherance of Drug Trafficking and, specific to Count Eight, Aiding and Abetting. Count Four derives from the January 25, 2013 raid at 6135 Stahelin address; and Count Eight derives from the March 15, 2013 raid at 6352 Auburn address.

As to the 6135 Stahelin address, there is direct evidence that supports the jury's conclusion. Officers presented testimony that Defendant carried a green bag

containing the .38 caliber handgun and bag of pills. In addition, located in the downstairs bedroom of the home, officers discovered a .9 mm handgun, a digital scale, and other drug-related contraband. Therefore, there is more than a scintilla of evidence to support the jury's conclusion that the .38 caliber handgun assisted in the distribution of drugs. The government presented substantial evidence in order to support Count Four.

As to the 6352 Auburn address, Defendant's brief contends there is a higher threshold of review for aiding and abetting theories. In support of this, the brief cites the recent decision in Rosemond v. United States, 134 S.Ct. 1240 (2014). The issue in Rosemond was at what point does a person aid and abet a 18 U.S.C. § 924(c) offense, Possession of a Firearm in Furtherance of Drug Trafficking. The facts involved a drug deal gone badly. The accomplice petitioner rode with two others in a car to deliver and sell drugs. While at the location of sale, the buyers stole the drugs. Of the two that rode with the accomplice, one pulled out a gun and fired at the would-be buyers. Although the accomplice did not directly use or fire the gun, prosecutors charged the accomplice with the § 924(c) offense, however, under a theory of accomplice liability.

In vacating the district court's judgment and remanding to the Tenth Circuit, the United States Supreme Court held that the accomplice must have foreknowledge that a firearm would be used to accomplish the crime at hand. Id.

9

at 1249-52.  Specifically, "§ 924(c) . . . [accomplice's] knowledge of a firearm must be advanced knowledge—or otherwise said, knowledge that enables him to make the relevant legal (and indeed, moral) choice."  Id. at 1249.  As stated, this allows the accomplice to decide whether or not to participate and continue in the enterprise.  However, as indicated in footnote 9 of the majority opinion,

> if . . . [an accomplice] continues to participate in a crime after a gun was displayed or used by a . . . [co-accomplice], the jury can permissibly infer from . . . [accomplice's] failure to object or withdraw that he had such knowledge.  [T]he . . . [jury] can draw inferences about a [accomplice's] intent based on all the facts and circumstances of a crime's commission.

Id. at 1257 (footnote 9).

Turning to the facts relating to Count Eight, the court finds that there was sufficient evidence, even under the higher threshold set forth by Rosemond.  Officers caught Defendant two months earlier with possession of a firearm.  Moreover, during the two and one half hours of surveillance, Defendant remained at the premises with the co-defendant and several others.  During that time, several guns were located within the home.  Also, during the raid, the Defendant's co-defendant was caught leaving the premises with four handguns in a bag.  A rational jury could draw inferences that the firearms seized were to aid in drug trafficking, and Defendant was aware that the firearms existed at the home.

The court finds there is substantial evidence to support Counts Four and Eight. As to Count Eight, there was more than enough evidence to support the jury's decision—even if based solely on circumstantial evidence.

## B. Motion for New Trial

Under Rule 33(a), "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "The burden is on the defendant to prove that a new trial is warranted." Hudson, 408 F.Supp. 2d at 400, citing United States v. Davis, 15 F.3d 526, 531 (6th Cir. 1994). "The rule 'does not define 'interest[ ] of justice' and the courts have had little success in trying to generalize its meaning.'" United States v. Munoz, 605 F.3d 359, 373 (6th Cir. 2010), citing United States v. Kuzniar, 881 F.2d 466, 470 (7th Cir. 1989).

"The paradigmatic use of a Rule 33 motion is to seek a new trial on the ground that 'the [jury's] verdict was against the manifest weight of the evidence.'" Munoz, 605 F.3d at 373, citing United States v. Crumb, 187 F. App'x 532, 536 (6th Cir. 2006). "Rule 33's 'interest of justice' standard allows the grant of a new trial where substantial legal error has occurred." Munoz, 605 F.3d at 373; see also United States v. Wall, 389 F.3d 457, 474 (5th Cir. 2004).

### 1. Operability of Firearms

Defendant urges the court for retrial based on two evidentiary discrepancies. The first is that the .38 caliber handgun would not fire unless the trigger was pulled repeatedly.   Defendant indicates that this was a factual issue for the jury to consider in relation to the elements of the charged offense.   During trial, the operability of the .38 caliber handgun was not admissible; and Defendant was not allowed to examine the government's witness as to the handgun's operability.

Defendant's brief cites United States v. Yannott, 42 F.3d 999 (1994), but the Yannott decision indicates to the contrary.  Id. at 1007.  At issue in Yannott, was whether the district court erred when the court denied the appellant's motion to dismiss the indictment based on the firearm not falling within the purview of federal law.   Law enforcement caught the appellant with a sawed-off shotgun. Although the firing pin in the shotgun was determined to be broken, the firearm could still be fired with brief modifications and adjustments.

The Sixth Circuit concluded that the shotgun was a firearm within the meaning of federal law, even with a semi-operative firing pin.  Id. at 1007.  For the definition of a firearm, the court looked at 18 U.S.C. § 921(a)(2) (currently (a)(3)). As defined in the opinion and in the statute, a firearm is "any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive."   Yannott, 42 F.3d at 1006; 18 U.S.C. § 921(a)(3).   As

12

indicated by the Sixth Circuit, "we conclude that the broken firing pin merely temporarily altered the weapon's capability and did not so alter the weapon's design that it no longer served the purpose for which it was originally designed." Id. at 1006.  Lastly, the district court in Yannott did not error by disallowing the operability evidence.

In this case, the .38 caliber handgun was operable and was a firearm within the purview of § 921(a)(3).  As indicated by the government's expert and in exhibits cited, the handgun did fire; however, before firing the handgun, three cycles of the action and trigger were required.  "While the determination of what constitutes a firearm under the relevant statute is a question of law, the determination of whether a particular weapon fits within the legal definition of a firearm under that statute is a question of fact."   Yannott, 42 F.3d at 1006; United States v. Shriver, 989 F.2d 898, 907 (7th Cir. 1992).  At trial, the jury was able to consider whether Defendant had a firearm within the meaning of the charged offenses.  However, the operability of the weapon was of no importance: "[t]he law is clear that a weapon does not need to be operable to be a firearm."   Yannott, 42 F.3d at 1006 (citing a plethora of opinions in accordance with this view); United States v. Ruiz, 986 F.2d 905, 910 (5th Cir. 1993 ), cert denied, 510 U.S. 848 (1993).

Defendant also asserts that the government did not prove the "in furtherance of" requirement with respect to possession of a firearm within the meaning of § 924(c). In support of this assertion, Defendant cites United States v. Mackey, 265 F.3d 457 (6th Cir. 2001). In Mackey the Sixth Circuit, although seeking a higher standard, found that if the gun were readily accessible it would be sufficient to support the appellant's conviction. Id. at 462-63. Mackey involved law enforcement entering a house containing several people. After law enforcement entered the home, the appellant and others were caught in the living room. Law enforcement discovered a sawed-off shotgun in the room. After a jury convicted the appellant, appellant challenged the "in furtherance of" requirement under § 924(c). In arguing that requirement, the appellant contended that in order to prove the requirement there must be some direct nexus between the firearm and the appellant.

The Sixth Circuit held that although this is a higher standard, the appellant could be convicted under § 924(c) by a jury if the weapon were "easily accessible." Id. at 462. The shotgun was loaded, easily accessible, and located near scales and razor blades. The court did not reverse the conviction; rather, the court affirmed and found there was sufficient evidence for the jury to consider.

In this case, defendant Aoun was caught in possession of a handgun at the 6135 Stahlin address and need not be reviewed. With regard to the 6352 Auburn

14

events, similar to <u>Mackey</u>, Defendant may have not had direct possession of the handguns and shotgun recovered; however, this does not prevent the jury from inferring from the evidence that Defendant had or could use the firearms in furtherance of the alleged crimes.  Much as the <u>Mackey</u> court found, "[f]rom the evidence presented, a reasonable jury could infer that the purpose of the firearm was to provide defense or deterrence in furtherance of the drug trafficking for which [appellant] was arrested."  <u>Id</u>. at 462-63.

## 2.  Erroneous Admission of Fed. R. Evid. 404(b)

Finally, Defendant's brief contends that the court erroneously admitted evidence under Fed. R. Evid. 403 and 404(b) that was more prejudicial than probative—warranting a new trial in the interest of justice.  At trial, the court admitted testimony evidence relating to a prior arrest and a search warrant.  This court allowed the evidence, subject to limiting instructions.  The government argues the evidence was for the purpose of showing intent and plan for specific intent and conspiracy charges.

Generally, under Rule 404(b)(1), "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  However, under Rule 404(b)(2), the jury may hear the evidence for

purposes of "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).

In support of Defendant's contentions, Aoun cites United States v. Johnson, 27 F.3d 1186 (1994).  As indicated in Johnson, there is a three-step process under Rule 404(b) for admitting evidence of prior acts; this is the test in the Sixth Circuit. However, even if this court erred in allowing the evidence, it would "not contaminate the verdict[;] and thus [it] did not result in the miscarriage of justice." Id. at 1194.

## ORDER

It is hereby **ORDERED** that Defendant's March 19, 2014 motion for acquittal is **DENIED**.

It is further **ORDERED** that Defendant's March 19, 2014 motion for new trial is **DENIED**.

Date: June 24, 2014                         s/John Corbett O'Meara
                                            United States District Judge


I hereby certify that on June 24, 2014 a copy of this order was served upon counsel of record using the ECF system.

                                            s/William Barkholz
                                            Case Manager

16