UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IBRAHIM AOUN,

   Petitioner,

v.

UNITED STATES OF AMERICA,

   Respondent.
_____/

Criminal No. 13-20239-01
Case No. 16-14392

Honorable John Corbett O'Meara

# OPINION AND ORDER DENYING
# PETITIONER'S MAY 4, 2017 AMENDED § 2255 MOTION

This matter came before the court on petitioner Ibrahim Aoun's May 4, 2017 amended motion to vacate, set aside or correct sentence. The government filed a response May 23, 2017; and Petitioner filed a reply brief July 5, 2017.

## BACKGROUND FACTS

A jury found petitioner Ibrahim Aoun guilty as charged in all eight counts upon which he was indicted. Aoun was convicted on drug and guns charges and sentenced to 360 months' imprisonment. The sentence was affirmed following Aoun's appeal to the United States Court of Appeal for the Sixth Circuit, and the United States Supreme Court subsequently denied his petition for a *writ of certiorari*.

Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on December 7, 2016, and filed an amended motion May 4, 2017. The court entered orders granting the government's requests for extensions to file a response, and the government filed its response to the amended motion May 23, 2017. In his motions Auon claims he had ineffective assistance of counsel in the appellate process because his attorney: (1) failed to challenge the district court's denial of his Rule 29 motion, and (2) failed to appeal on the basis of the *voir dire* proceeding.

## **LAW AND ANALYSIS**

To obtain post-conviction relief under 28 U.S.C.§ 2255, a petitioner must allege the following: (1) an error of constitutional magnitude, (2) a sentence imposed outside the federal statutory limits, or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. Mallett v. United States, 334 F.3d 491, 496-97 (6th Cir. 2003). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. United States v. Frady, 456 U.S. 152 (1982). A motion to vacate sentence under § 2255 can be denied if it states "only bald legal conclusions with no supporting factual allegations." Sanders v. United States, 373 U.S. 1, 19 (1963). Furthermore, an evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or

conclusions rather than statements of fact." <u>Valentine v. United States</u>, 488 F.3d 325, 333 (6th Cir. 2007) (quoting <u>Arrendondo v. United States</u>, 178 F.3d 778, 782 (6th Cir. 1999)).

In <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984) the Supreme Court articulated the standard for evaluating claims of ineffective assistance of counsel as follows:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Judicial scrutiny of counsel's performance must be highly deferential, and "a court must indulge in a strong presumption that counsel's conduct falls within the range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound . . . strategy." <u>Id</u>. at 689.

The <u>Strickland</u> standard applies to appellate counsel as well. <u>Goff v. Bagley</u>, 601 F.3d 445, 462 (6th Cir. 2010). The Supreme Court has held that a defendant does not have a constitutional right to have every appealable issue raised in his appeal. <u>Smith</u>

3

v. Murray, 477 U.S. 527, 536 (1986). Rather, the law recognizes that effective attorneys must make strategic judgments by "winnowing out the weaker arguments on appeal and focusing on those more likely to prevail" because that "is the hallmark of effective appellate advocacy." Id. at 536. "Counsel's failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." Jones v. Barnes, 463 U.S. 745, 751-53 (1983). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." Monzo v. Edwards, 281 F.3d 568, 579 (6th Cir. 2002).

In this case petitioner Aoun's appellate counsel, who also represented him in the trial court, clearly exercised his legal judgment to forgo raising the denial of the Rule 29 motion on appeal in favor of stronger arguments. Gov't. Ex. 1. Aoun cannot show that the court's denial of the Rule 29 motion would have been overturned on appeal, thereby rendering his counsel's assistance ineffective.

In his second argument, Petitioner alleges that his trial was tainted because of the behavior of a potential juror who was dismissed by the court during *voir dire*. In his declaration attached to his amended § 2255 motion, Aoun writes:

> Before she exited the courtroom, she expressed to the court that she would like to say something. The judge granted her authority to speak. She turned to glare at me, pointing almost violently, and began crying frantically. She yelled, 'My brother overdosed and died because of

> people like you!' She continued crying, turned in the direction of the door, and slowly walked out of the courtroom. It was obvious that everyone in the room had been shaken.

Aoun dec. at 1. First, this is an exaggerated account of what happened during *voir dire*. There was no yelling and no frantic crying. Second, the juror was dismissed by the court and had no part in the ultimate finding by the jury–guilty on all eight counts.

Although Petitioner asserts that his counsel was ineffective for failing to ask for a transcript of the *voir dire* for use in his appeal, counsel explained to him that it was likely the court would not grant such a request in order to ensure the safety of the jurors. In any event, his counsel's decision not to pursue at the appellate level Petitioner's claims regarding jury *voir dire* was firmly grounded in the exercise of sound legal judgment. Accordingly, the court will deny petitioner Aoun's § 2255 motion.

## **ORDER**

It is hereby **ORDERED** that petitioner Ibrahim Aoun's initial § 2255 motion, filed December 15, 2016, is **DENIED AS MOOT.**

It is further **ORDERED** that petitioner Ibrahim Aoun's April 10, 2017 motion for extension of time to file an amended motion is **DENIED AS MOOT.**

It is further **ORDERED** that petitioner Ibrahim Aoun's May 4, 2017 motion to enter an amended motion is **DENIED AS MOOT.**

It is further **ORDERED** that petitioner Aoun's May 4, 2017 amended motion to vacate, set aside or correct sentence is **DENIED** in its entirety.

                                        s/John Corbett O'Meara
                                        United States District Judge

Date: July 17, 2017

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 17, 2017, using the ECF system and/or ordinary mail.

                                        s/William Barkholz
                                        Case Manager